COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-539-CR
 
  
JACOB 
ALAN COOPER                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Jacob Alan Cooper appeals his four convictions for two counts of aggravated 
sexual assault of a child and two counts of indecency with a child by sexual 
contact.  In one point, Cooper argues that the trial court erred by failing 
to declare a mistrial after the State elicited improper hearsay testimony.  
We will affirm.
II. Factual and 
Procedural Background
        After 
Cooper pleaded guilty to all four counts before the jury, the evidence elicited 
during the punishment phase demonstrated that Cooper sexually abused his 
ten-year-old step-daughter, C.C., on numerous occasions.  C.C. testified 
that Cooper requested her to touch his genitals with her hand and her mouth and 
that Cooper touched her breasts and her genitals with his hand, his tongue, and 
his penis.  Cooper admitted during his testimony to all the details 
surrounding his abuse of C.C., including that he allowed C.C. to watch him have 
sex with her mother and to view pornographic books and movies with them.
        The 
evidence also revealed that C.C.’s mother was usually present while Cooper 
sexually assaulted C.C. and that all three persons would frequently engage in 
sexual acts simultaneously.  C.C.’s mother testified that she agreed to 
involve her daughter in the sexual activities because she was afraid that Cooper 
would leave her if she did not keep his sexual interest.[2]  
C.C. eventually told her school counselor of the abuse, and the counselor 
informed CPS.
        After 
the jury heard from two expert sexual offender treatment providers regarding 
Cooper’s high risk for reoffending and his mental health issues, the jury 
assessed Cooper’s punishment at fifty-five years’ confinement for the two 
counts of aggravated sexual assault of a child and fifty years’ confinement 
for the two counts of indecency with a child by sexual contact and assessed a 
$10,000 fine for all four counts.  The trial court sentenced Cooper 
accordingly and granted the State’s request to run each of the sentences 
consecutively.  This appeal followed.
III. Trial 
Court Did Not Abuse Its Discretion By Failing to Declare Mistrial
        During 
the trial, one expert testified as follows:
   
Q. Going back for just a second to the comment that you made about the defendant 
involving the victim in sexual acts with his girlfriend, to what extent, if any, 
is it important that he would ejaculate on the child?
  
A.  
I think that seems to be a fetish that he’s having throughout his sexual 
behavior.  Because the mother says he was doing the same thing with her.
  
[DEFENSE 
ATTORNEY]: Judge, we’re going to object to hearsay.
  
THE 
COURT: Sustained.
  
[DEFENSE 
ATTORNEY]: Ask that you instruct the jury to disregard that answer.
  
THE 
COURT: I will instruct the jury to disregard that answer.
  
[DEFENSE 
ATTORNEY]: Move for mistrial.  Your Honor, in [sic] move for mistrial.
  
THE 
COURT: Overruled.
  
. 
. . .
  
Q. 
[PROSECUTOR:] You said that you believed that this was a fetish.  In your 
expert opinion, as a sex offender therapist and with the thousands of people 
that you have treated, what do you base that opinion on?
  
A. 
I base that opinion on the fact that people who commit sexual offenses tend to 
have some out-of-the-norm deviant sexual interest that’s repeated over and 
over again.  And they derive quite a bit of pleasure from those behaviors.
  
Q. 
From the fetish-type behavior?
 
A. 
Exactly.
 
Q. 
To what extent, if any, do fetishes such as that make a defendant or an 
offender, rather, be an increased risk?
 
A. 
Statistically people who have fetishes have an increased risk.
 
Q. 
And you talked about the fact that if you successfully complete treatment, you 
have a low risk to re-offend, correct?
 
A. 
Correct.
 
 
        In 
his sole point, Cooper argues that the trial court erred by failing to declare a 
mistrial after the State elicited the above allegedly improper hearsay 
testimony.  The State responds that the evidence at issue was admissible 
and that, in any event, the trial court’s prompt instruction to the jury to 
disregard the evidence was sufficient to cure or render harmless any resulting 
prejudice to Cooper.  We agree with the State.
        A 
trial court’s decision to admit or exclude evidence is afforded a great deal 
of discretion.  Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. 
Crim. App. 1990).  Therefore, we review a trial court’s ruling on the 
admissibility of evidence under an abuse of discretion standard.  Angleton 
v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  If the trial 
court's evidentiary ruling is reasonably supported by the record and is correct 
under any theory of applicable law, we must uphold it—this is known as the 
“zone of reasonable disagreement” test.  Montgomery, 810 S.W.2d 
at 391 (op. on reh’g).  “The mere fact that a trial judge may decide a 
matter within his discretionary authority in a different manner than an 
appellate judge in a similar circumstance does not demonstrate that an abuse of 
discretion has occurred.”  Id. at 380.
        Hearsay 
is a statement, other than one made by the declarant while testifying at the 
trial or hearing, offered in evidence to prove the truth of the matter asserted. 
 Tex. R. Evid. 801(d).  Hearsay is 
inadmissible unless expressly excepted or excluded from the general rule by 
statute or the rules of evidence.  Tex. 
R. Evid. 802.  One exception to the general rule provides that an 
expert may base his opinion upon facts or data that are not admissible in 
evidence if they are of a type reasonably relied upon by experts in the 
particular field.  See Tex. 
R. Evid. 703.  Thus, an expert’s opinion could be predicated 
solely on inadmissible hearsay if of a type reasonably relied upon by experts in 
that field of expertise.  Ramirez v. State, 815 S.W.2d 636, 651 
(Tex. Crim. App. 1991).  Under Rule 705, an expert may disclose the facts 
or data underlying his opinion on direct examination and may be required to 
disclose such facts or data underlying his opinion on cross-examination.  Tex. R. Evid. 705(a).  Disclosing 
this information enables the jury to evaluate the expert’s opinion and 
ascertain the weight it wishes to attach to such testimony.  Ramirez, 
815 S.W.2d at 651.
        In 
this case, the expert’s testimony regarding the mother’s statement was 
clearly hearsay.  See Tex. R. 
Evid. 801(d).  A review of the record reveals that the expert relied 
on the mother’s testimony—as permitted by Texas Rule of Evidence 703—in 
determining that Cooper had a fetish, which is a factor that the expert 
considered in evaluating Cooper’s risk for reoffending.  See Ramirez, 
815 S.W.2d at 651 (stating that psychiatric expert opinion testimony as to 
defendant’s future dangerousness may be given upon the following bases: facts 
within his personal knowledge, assumed from common or judicial knowledge, or 
established by evidence).  Consequently, the rules of evidence would have 
allowed the expert to disclose such inadmissible hearsay if asked on direct 
examination or cross-examination.  See Tex. R. Evid. 705(a); Morris v. State, 
123 S.W.3d 425, 428 (Tex. App.—San Antonio 2003, pet. ref’d). Thus, the 
hearsay statement was admissible.
        But 
the expert’s answer pertaining to Cooper’s engaging in this behavior with 
his wife was nonresponsive to the question posed by the prosecutor during direct 
examination.  As a result, the trial court properly sustained Cooper’s 
hearsay objection and instructed the jury to disregard.  See Collins v. 
State, 548 S.W.2d 368, 375-76 (Tex. Crim. App. 1976) (holding that harm, if 
any, as a result of nonresponsive hearsay answer of witness was cured by court's 
prompt action in sustaining objection and instructing jury to disregard answer), 
cert. denied, 430 U.S. 959 (1977).  In light of the testimony from 
the victim, the mother, and Cooper himself, we cannot say that this is an 
instance in which it could be said that the expert’s testimony was clearly 
calculated to inflame the minds of the jury and thus incurable by the court's 
curative instruction.  See Harris v. State, 790 S.W.2d 568, 589 
(Tex. Crim. App. 1989).  Therefore, we hold that the trial court did not 
abuse its discretion by overruling Cooper’s request for a mistrial.  See 
id. (holding that error, if any, was cured by trial court’s sustaining the 
objection and instructing jury to disregard).  We overrule Cooper’s sole 
point.
IV. Conclusion
        Having 
overruled Cooper’s sole point, we affirm the trial court’s judgment.
   
   
                                                          PER 
CURIAM
  
  
   
PANEL 
F:   WALKER, GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The jury learned that C.C.’s mother also had been charged in connection with 
these events and had entered a plea agreement for two fifty-year sentences on 
the aggravated sexual assault charges and two twenty-year sentences on the 
indecency with a child charges.